IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:15-cv-00663-WYD-NYW

FRED JOHNSON,

    Plaintiff,

v.

PINNACLE CREDIT SERVICES, LLC, a Minnesota limited liability company,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant Pinnacle Credit Services, LLC's Motion to Strike First Amended Complaint Pursuant to Fed. R. Civ. P. 12(f), filed on May 8, 2015 [#17] (the "Motion to Strike"). Pursuant to the Order Referring Case dated April 2, 2015 [#8] and the Memorandum dated May 28, 2014 [#18], the Motion to Strike is before this Magistrate Judge.

The court has carefully considered the Motion to Strike, Plaintiff's Response [#23], and related briefing, and the applicable case law. The Parties addressed the Motion briefly at the Scheduling Conference held on June 17, 2015, and oral argument from counsel would not materially assist the court in its disposition. For the following reasons, I respectfully RECOMMEND that:

    (1)    Defendant Pinnacle Credit Services, LLC's Motion to Strike [#17] be DENIED.

## BACKGROUND

Defendant Pinnacle Credit Services, LLC ("Pinnacle" or "Defendant") removed this action from Denver County Court to the District of Colorado on March 31, 2015. [#1]. Plaintiff Fred Johnson ("Plaintiff" or "Mr. Johnson") then filed his original Complaint on April 1, 2015. [#5] (the "Original Complaint"). Mr. Johnson's Original Complaint asserted a single cause of action against Pinnacle, asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). [*Id.*]. The Complaint spanned 24 pages, and included 252 paragraphs calling for an admission or denial from Pinnacle pursuant to Fed. Rule Civ. P. 8(b). [*Id.*]. On April 27, 2015, Pinnacle, in lieu of answering the Original Complaint, filed a Motion to Strike Complaint Pursuant to F.R.C.P. 12(f). [#12]. On May 18, 2015, Plaintiff filed his First Amended Complaint. [#15] (the "Amended Complaint").[1] The Amended Complaint, which again asserts a single cause of action based on alleged violations of the FDCPA by Pinnacle, is 20 pages long includes and includes 120 paragraphs calling for an admission or denial from Pinnacle. [*Id.*].

On May 28, 2015, Pinnacle filed its Motion to Strike First Amended Complaint Pursuant to F.R.C.P. 12(f). [#17] ("Motion to Strike"). Pinnacle complains that that the Amended Complaint amounts to a series of "legal conclusions and requests for admissions together with an overwhelming number of paragraphs that are unnecessarily redundant and repetitive." [*Id.* at 1]. For example, Pinnacle notes that instead of framing a single allegation that the Plaintiff disputed the debt at issue in this litigation on March 28, 2014 during a telephone conversation with Pinnacle's collection agent, the Amended Complaint repeats this allegation in substantively

---

[1] On June 11, 2015, the court issued a Minute Order denying the first Motion to Strike Complaint Pursuant to F.R.C.P. 12(f) [#12] as moot, in light of the filing of the First Amended Complaint. [#20].

identical form in four separate paragraphs. [#17 at 4]. Pinnacle contends that such repetitive pleadings, when present in an overly voluminous complaint, "unnecessarily run[] up [attorney's] fees and costs" that Plaintiff may seek to recover pursuant to statute should he prevail in this case. [#17 at 6]. Pinnacle also argues that certain unspecified allegations amount to improper and premature requests for admission. [*Id.*].

## ANALYSIS

### I. Legal Standard

Pursuant to Fed. Rule Civ. P 12(f), a district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri–State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted). Moreover, striking allegations or dismissing pleadings pursuant to Rule 12(f) is "a generally-disfavored, drastic remedy." *Id.* (citing *Smuggler–Durant Mining Corp.*, 823 F.Supp. 873, 875 (D. Colo. 1993); 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL § 1380, at 647 (2d ed. 1990)). Because such relief is disfavored, a party moving to strike allegations on the basis that they are "redundant, immaterial, impertinent, or scandalous" must show not only that the challenged allegations fit within one or more of these categories, but must also typically make some showing of prejudice arising from the allegations. *Id.* (citing 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL § 1380, at 690-92 (2d ed. 1990)). Courts within this district have recognized that the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08–cv–02053–LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). Even if the movant meets its burden to show that allegations are not only "redundant,

3

immaterial, impertinent, or scandalous" but also prejudicial, "discretion remains with the Court to grant or deny" the motion to strike. *Big Cats of Serenity Springs, Inc. v. Vilsack*, Civil Action No. 13–CV–03275–REB–KLM, 2015 WL 1432069, at *13 (D. Colo. March 25, 2015).

## II.     Application to Pinnacle's Motion to Strike

As previously noted, motions to strike pursuant to Fed. Rule Civ. P. 12(f) are typically disfavored and rarely granted unless the movant can make a showing of prejudice arising from the challenged allegations. *Sierra Club*, 173 F.R.D. at 285. The court agrees with Defendant that Plaintiff's Amended Complaint remains unnecessarily dense. [#17 at 4-6]. But the central focus of Rule 8(a)(2) of the Federal Rules of Civil Procedure is ensuring that a plaintiff frames his complaint in such a manner that the defendant is provided with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pinnacle does not argue that Plaintiff's Amended Complaint fails to provide "fair notice" of the nature of Plaintiff's FDCPA claim, including the factual grounds on which it rests. *Cf. Mitchell v. City of Colo. Springs, Colo.*, 194 Fed Appx. 497, 498 (10th Cir. 2006) (unpublished) (affirming trial court's order dismissing complaint because it was, "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts ... completely lacking in clarity and intelligibility") (citation and quotation omitted).

Nor does Pinnacle establish that the allegations have no bearing on the controversy at hand. *See Webster v. Nations Recovery Ctr., Inc.*, Civil Action No. 09-cv-01685, 2009 WL 2982649, *1 (D. Colo. Sept. 15, 2009). Instead, Pinnacle complains that the allegations in the Amended Complaint are redundant, and "Plaintiff still, for example, refers to the same conduct

occurring each month over a 15 period by including at least forty-nine (49) extra paragraphs that could easily be condensed into one or two and that require an amount of scrutiny and effort to formulate a response that is disproportionate to the alleged harm in this case." [#17 at 2]. Redundant matters consist of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be decided. *See Center for Native Ecosystems v. United States Fish and Wildlife Serv.*, Civil Action No. 08-cv-2744, 2010 WL 2035580, *2 (D. Colo. May 20, 2010). The court agrees that the Amended Complaint is redundant in parts, but the allegations in Plaintiff's Amended Complaint are readily understood. Pinnacle's Motion to Strike does not contend otherwise. The court is confident that that despite its length, Defendant can quickly dispose of redundant allegations, *see e.g.*, [#17 at ¶¶ 28-35, 34 and 35], with the same or very similar responses.

Moreover, the only potential prejudice Pinnacle identifies is in the form of a potentially increased award of attorney's fees should Plaintiff prevail in this case, and in being compelled to admit or deny a number of allegations that in some instances are redundant rather than discrete. To the extent Plaintiff's counsel's claimed billings as to the complaints filed in this action exceed what is reasonable, the associated fees will not be recoverable. *See Johnson v. Leading Edge Recovery Solutions, LLC*, Civil Action No. 12-cv-03101-CMA-CBS, 2013 WL 674057, *1 (D. Colo. Feb. 22, 2013). Moreover, Pinnacle cites no authority for the proposition that being required to frame admissions and denials to the allegations of fact and law included in a complaint is a cognizable form of prejudice. The mere presence of redundant matter, without an accompanying showing of prejudice, is an insufficient basis to demand further pleading; "modern litigation is too protracted and expensive for litigants and the court to expend time and

effort pruning or polishing the pleadings" unnecessarily. *See* 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL § 1382 (3d ed. April 2015).

## CONCLUSION

Because Pinnacle has failed to make any showing of prejudice arising from the challenged allegations, I respectfully RECOMMEND that:

(1)     Defendant's Motion to Strike [#17] be DENIED.[2]


DATED:  September 14, 2015                               BY THE COURT:

                                                        /s/ Nina Y. Wang
                                                        United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see*, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).