IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-00663-WYD-NYW

FRED JOHNSON,

    Plaintiff,

v.

PINNACLE CREDIT SERVICES, LLC, a Minnesota limited liability company,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Defendant's Motion to Strike Plaintiff's First Amended Complaint Pursuant to F.R.C.P. 12(f) filed on May 28, 2015.  This motion was referred to Magistrate Judge Wang pursuant to the Order Referring Case dated April 2, 2015, and a Memorandum issued May 28, 2015.  A Recommendation of United States Magistrate Judge ["Recommendation"] was issued on September 14, 2015, and is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Wang notes that the Amended Complaint Defendant seeks to strike asserts a single cause of action based on alleged violations of the FDCPA, is 20 pages long, and includes 120 paragraphs calling for an admission or denial from Defendant.  (Recommendation at 2.)  Defendant's motion to strike argues that the Amended Complaint was overly voluminous and amounts to a series of "legal conclusions and requests for admissions together with an overwhelming number of

paragraphs that are unnecessarily redundant and repetitive." (*Id.* at 2-3) (citing Mot. to Strike at 2.)

The Recommendation cites the standard for motions to strike under Fed. R. Civ. P. 12(f), and notes that such motions "are typically disfavored and rarely granted unless the movant can make a showing of prejudice arising from the challenged actions." (Recommendation at 3.) While Magistrate Judge Wang agreed with Defendant that the Amended Complaint "remains unnecessarily dense" and "is redundant in parts" (*id.* at 3, 5), she recommended that the motion to strike be denied because Defendant "has failed to make any showing of prejudice arising from the challenged allegations." (*Id.* at 6.)

Magistrate Judge Wang advised the parties that written objections were due within fourteen (14) days after service of Recommendation. (Recommendation at 6 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record in regard to the motion to strike. I agree with Magistrate Judge Wang that Defendant failed to show prejudice arising from the allegations of the Amended Complaint. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated September 14, 2015 (ECF No. 27) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion to Strike Plaintiff's First Amended Complaint Pursuant to F.R.C.P. 12(f) (ECF No. 17) is **DENIED**.

Dated:  November 3, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge