## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1:15-cv-00663-WYD-NYW

FRED JOHNSON,

    Plaintiff,

v.

PINNACLE CREDIT SERVICES, LLC,
a Minnesota limited liability company,

    Defendant.

---

## MINUTE ORDER

---

Entered By Magistrate Judge Nina Y. Wang

    This matter is before the court pursuant to Defendant Pinnacle Credit Services, LLC [sic] Motion for Second Set of Written Discovery ("Motion") [#38, filed December 11, 2015]. The instant Motion was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), the Order of Reference dated April 2, 2015 [#8], and the Memorandum dated December 11, 2015 [#39]. Defendant filed a Response to the Motion on January 4, 2016. [#43]. Having reviewed the Parties' briefing and applicable case law, this court finds that disposition is proper. D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

    The Scheduling Order in this case was entered on June 17, 2015 and provided that written discovery, including interrogatories and requests for production of documents, would be served no later than forty-five (45) days prior to the discovery deadline. [#22 at 7]. The deadline for discovery was set for November 30, 2015. [*Id.* at 5]. As Plaintiff notes, the deadline for discovery has been extended on multiple occasions for "the sole purpose of conducting the depositions of Defendant's witnesses." [#34, #42]. No extension prior to the instant Motion was sought to serve additional discovery.

    Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave

to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

Nothing in the record before the court demonstrates that Defendant was precluded from seeking or taking the deposition of Plaintiff prior to November 18, 2015. The interrogatory and the request for production that Defendant seeks to propound do not appear dependent upon Plaintiff's testimony. Therefore, the court finds that Defendant has failed to establish good cause for the amendment of the Scheduling Order to propound additional discovery at this time.

Accordingly, **IT IS ORDERED** that Defendant Pinnacle Credit Services, LLC [sic] Motion for Second Set of Written Discovery [#38] is **DENIED**.

DATED:  January 12, 2016