**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:15-cv-00663-WYD-NYW

FRED JOHNSON,

    Plaintiff,

v.

PINNACLE CREDIT SERVICES, LLC,
a Minnesota limited liability company,

    Defendant.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff Fred Johnson's Motion to Reopen Discovery as to Defendant's Fourth Supplemental Disclosures and to Continue the Final Pretrial Conference (the "Motion"). [#56, filed Mar. 18, 2016]. This Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), the Order of Reference dated April 2, 2015 [#8], and the Memorandum dated March 21, 2016 [#57]. Defendant filed a Response to the Motion on March 21, 2016. [#60]. Having reviewed the Parties' briefing and applicable case law, this court finds that disposition is proper without oral argument or further briefing. D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.")

## BACKGROUND

Defendant Pinnacle Credit Services, LLC ("Pinnacle" or "Defendant") removed this action from Denver County Court to the District of Colorado on March 31, 2015. [#1]. Plaintiff

Fred Johnson ("Plaintiff" or "Mr. Johnson") then filed his original Complaint on April 1, 2015. [#5], followed by an Amended Complaint on May 18, 2015 [#15].  Mr. Johnson's Amended Complaint asserts a single cause of action against Pinnacle for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"). [#15 at ¶¶ 118-120].

The Scheduling Order in this case, entered on June 17, 2015, set a discovery cutoff date of November 30, 2015, and required that written discovery be served no later than 45 days prior to that date. *See* [#22].  On November 13, 2015, the Parties filed a Stipulated Motion to Extend the Discovery Cutoff Date and Dispositive Motion Deadline for the purpose of allowing Plaintiff to take the depositions of Defendant's witnesses located in the Minneapolis area. *See* [#32].  On November 20, 2015, the Court entered an order extending the discovery cutoff to December 30, 2015 for the sole purpose of the conducting the depositions of Defendant's witnesses and extending the dispositive motion deadline to January 29, 2016. [#34].  Defendant filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) on February 12, 2016 [#47]; however, Defendant then filed a motion to withdrew the summary judgment motion, which was granted on March 7, 2016. [#53].  The Final Pretrial Conference is set for March 25, 2016. *See* [#54].

In the Motion presently before the court, Plaintiff seeks an order reopening discovery and vacating the Final Pretrial Conference on the basis that Defendant recently served Fourth Supplemental Disclosures which include documents pertaining to Plaintiff's past litigation history regarding his FDCPA claims against other debt collectors. *See* [#56 at 2].  These documents, Bates labeled Pinnacle 000182 – 000216, are three complaints from Plaintiff's prior FDCPA litigation (the "FDCPA complaints"). [#56 at 2]; [#60 at 2].  Plaintiff argues that this disclosure makes it necessary for him to reopen the deposition(s) of corporate representatives of

Defendant to ascertain how these documents apply to Plaintiff's FDCPA claim in this case and/or Defendant's defenses, including its bona fide error affirmative defense. *See* [#56 at 3]. Defendant opposes the Motion and argues that the FDCPA complaints at issue are Plaintiff's own documents and have been in his custody and control for months, if not years, and that Plaintiff had ample opportunity to obtain discovery regarding these documents during the pendency of this litigation. *See* [#60 at 1].

## ANALYSIS

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987). In *Smith,* the Tenth Circuit

> identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

834 F.2d at 169 (citation omitted). In reviewing the six factors outlined in *Smith*, this court finds that the first factor favors Plaintiff because a trial date has not yet been set. The court considers the remaining factors in turn, and concludes that the factors ultimately weigh against granting the Motion.

### I.     Factors Two and Three

Regarding the second and third *Smith* factors, the Motion is opposed by Defendant. Moreover, "[t]here can be no doubt that allowing Plaintiff to take additional discovery requires Defendants to incur additional and unanticipated expenses." *Quintana v. Edmond*, No. 06-cv-01187-WDM-KLM, 2009 WL 1798219, at *2 (D. Colo. June 23, 2009). Factor two plainly

3

favors denial of the Motion. Factor three also favors denial of the Motion because Defendant would be prejudiced by being required to prepare its corporate representatives for a second round of 30(b)(6) depositions if discovery is reopened and by the 60-day additional delay in the resolution of this case.

## II.     Factors Four and Five

The court next considers whether Plaintiff was diligent in obtaining the discovery that he now seeks prior to the discovery cutoff and the foreseeability of the need for additional discovery in light of the time allowed for discovery.

Plaintiff argues that he only learned of Defendant's intention to rely on the FDCPA complaints on March 17, 2016, when Defendant's counsel emailed Plaintiff's counsel Defendant's Fourth Supplemental Disclosures pursuant to Fed. R. Civ. P. 26(e), which included the FDCPA complaints. Plaintiff points out that Defendant previously sought information about Plaintiff's previous FDCPA actions in a Motion for Second Set of Written Discovery [#38], which this court denied on January 12, 2016 [#45], and that Defendant then waited over two months until after the discovery cutoff to produce the FDCPA complaints to him and indicate its intention to rely on them. *See* [#56 at 2-3].

Defendant counters that Plaintiff's counsel should have taken heed of Defendant's argument regarding the relevance of Plaintiff's prior FDCPA actions because this was the subject of Defendant's Motion for Second Set of Written Discovery, in which Defendant sought leave of the court to serve a single interrogatory request on Mr. Johnson regarding his prior FDCPA litigation. [#60 at 3]. Defendant also points out that the FDCPA complaints that are now at issue were publically-available and attached as exhibits to Defendant's prior motions. [#60 at 1]; *see*

4

*also* [#38-2; #38-3; #38-4 (copies of the three FDCPA complaints)]. Defendant further asserts that Plaintiff had ample opportunity to question Defendant's Rule 30(b)(6) representatives about these documents because Plaintiff's response in opposition to the Motion for Second Set of Written Discovery was filed at least nine days before Plaintiff took any depositions, including the deposition of Defendant Pinnacle Credit Services, LLC's 30(b)(6) designee. [#60 at 6]. Defendant further suggests that because its initial disclosures list a category of documents that includes "All pleadings and papers filed in this action, including exhibits, to the extent admissible under the Federal Rules of Evidence," Defendant's production of Bates-labeled copies of the FDCPA complaints on March 17 was not prejudicial to Plaintiff (who, according to Defendant, should have already known that this category of documents was fair game). *See* [#60 at 9].

The court finds that factor four favors Plaintiff. Certainly, Plaintiff could have anticipated that Defendant might seek to introduce and rely on the FDCPA complaints based on Defendant's motion to obtain written discovery on Mr. Johnson's prior FDCPA litigation. However, as Plaintiff points out, Defendant never produced the FDCPA complaints to Plaintiff during fact discovery and the court is not persuaded by Defendant's argument that its inclusion of these documents as exhibits to its briefing necessarily notified Plaintiff that it intended to use such documents in support of its defenses. Moreover, under the circumstances presented in this case, the court does not find that Defendant's blanket statement in its initial disclosures that it might rely on "[a]ll pleadings and papers filed in this action, including exhibits, to the extent admissible under the Federal Rules of Evidence," was sufficient to alert Plaintiff to the fact that

the FDCPA complaints were in issue prior to the close of fact discovery. Accordingly, this court finds that factor four and factor five weigh in Plaintiff's favor.

## III.     Factor Six

The court turns next to factor six, which enquires into the likelihood that the discovery sought will lead to relevant evidence. Even assuming that Defendant's late disclosure of the FDCPA complaints to Plaintiff constituted an unfair surprise and Plaintiff did not have a reasonable basis to anticipate that he would have needed to pursue discovery on this issue prior to the cutoff, the court does not find a sufficient basis for Plaintiff's request to vacate the Final Pretrial Conference and reopen discovery to depose a corporate representative of Defendant regarding Plaintiff's prior FDCPA complaints.

Plaintiff states that Defendant's disclosure of the FDCPA complaints necessitates him taking a 30(b)(6) deposition of Defendant to ascertain how these documents "apply to the Plaintiff's FDCPA claim and/or the Defendants defenses including its Bona Fide Error affirmative defense and why they were disclosed by the Defendant and at such a late date." [#56 at 3]. However, Defendant has plainly stated that the FDCPA complaints are not relevant to its bona fide error defense and are "only . . . relevant in cross-examination of the Plaintiff, Mr. Johnson." [#60 at 4]. Given Defendant's affirmative representation to this court about the limited scope of the relevance of these documents and the only basis which Defendant believes these documents are relevant, together with the lack of direct involvement by Defendant in any of the prior FDCPA actions, this court sees little relevance in a deposition of a 30(b)(6) representative of Defendant directed solely at the information contained in the FDCPA complaints. Accordingly, the court concludes that factor six weighs against Plaintiff.

The court considers factor six together with the proportionality requirement in the recent amendments to the Federal Rules of Civil Procedure. The recent amendment to Federal Rule of Civil Procedure 26(b)(1), effective December 1, 2015, states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the above amendment governs all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending." Although this case was initiated prior to December 1, 2015, this court applies the principles of proportionality as discussed above because they are the same principles that would have applied through the former Rule 26(b)(2)(C)(iii). See Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("Most of what now appears in Rule 26(b)(2)(C)(iii) was first adopted in 1983."). The court is not persuaded that Plaintiff's prior FDCPA complaints against different creditors are particularly probative of the issues central to this action. Nor does it appear that information regarding Plaintiff's prior FDCPA complaints will affect the damages Plaintiff is entitled to if he prevails. In addition, Plaintiff has had access to information about these prior complaints at all times. And this court concludes that the burden and expense of the proposed discovery, including the delay in preparing this case for trial, outweighs the potential probative value.

Applying the proportionality principle, considered in relation to the fact that allowing a deposition of Defendant's Rule 30(b)(6) representative is only very minimally likely to lead to

the discovery of relevant evidence, this court declines to reopen discovery. Plaintiff requests an approximately 60-day extension of the date for the Final Pretrial Trial on the sole basis that he seeks to take the deposition of a representative for Defendant, whose anticipated testimony is highly likely to mirror Defendant's representations under oath to this court—that Defendant has minimal personal knowledge of Plaintiff's prior FDCPA complaints and that the "only" relevance of these complaints is for "cross-examination of the Plaintiff." The court finds that the Plaintiff's request to reopen discovery for the deposition of Defendant's 30(b)(6) representative is not proportional to the needs of the case.

Weighing the *Smith* factors and considering the proportionality of the discovery sought to the needs of the case, this court finds that these factors weigh against granting Plaintiff's Motion. The court makes this determination in consideration of the mandate of Fed. R. Civ. P. 1 that this court work to "secure the just, speedy, and inexpensive determination of every action and proceeding."

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff Fred Johnson's Motion to Reopen Discovery as to Defendant's Fourth Supplemental Disclosures and to Continue the Final Pretrial Conference [#56] is **DENIED**. The Final Pretrial Conference REMAINS SET for March 25, 2016 at 11:00 a.m.

DATED:  March 22, 2016                    BY THE COURT:

                                                                    s/ Nina Y. Wang
                                                                    Nina Y. Wang
                                                                    United States Magistrate Judge